**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7535**

———————

JAMES A. FULLARD,

Plaintiff - Appellant,

versus

PARRIS N. GLENDENNING, Governor; MARTAIN
O'MALLEY; PATRICIA C. JESSAMY, District
Attorney; ALLEN L. SCHWAIT; RONALD WALKER,
Defense Attorney; JAMES V. PEGUESE, Warden,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(CA-03-1979-CCB)

———————

Submitted:  January 29, 2004        Decided:  February 6, 2004

———————

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

James A. Fullard, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James A. Fullard seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2000) action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir. Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Fullard was given an opportunity to provide grounds for extending the appeal period, under Fed. R. App. P. 4(a)(5)(A), but failed to do so.

The district court's order was entered on the docket on July 25, 2003. The notice of appeal was filed on September 23, 2003.[*] Because Fullard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]This date was determined giving Fullard the benefit of the Supreme Court's decision in Houston v. Lack, 487 U.S. 266 (1988).

materials before the court and argument would not aid the decisional process.

DISMISSED